# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VANTAGE POINT TECHNOLOGY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| GOOGLE INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Vantage Point Technology, Inc. ("Plaintiff") alleges the following for its complaint against Defendant Google Inc. ("Defendant").

## THE PARTIES

1. Plaintiff is a corporation formed under the laws of the State of Texas having its principal place of business at 719 W. Front Street, Suite 244, Tyler, Texas 75702.

2. Defendant is a corporation formed under the laws of the state of Delaware with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Defendant may be served with process via its registered agent Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

3. This is a patent infringement action.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

4. The Court has personal jurisdiction, because Defendant has availed itself of the rights and benefits of this District by conducting business in this jurisdiction, including by

promoting products/services for sale and selling products/services via the internet, which is accessible to and accessed by residents of this District. Defendant also provides the particular product/services accused of infringement in this action to residents of this District.

5. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(d) and §1400(b), because substantial acts of infringement have occurred in this District.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 6,615,233

6. On September 2, 2003, U.S. Patent No. 6,615,233 (the "'233 Patent") entitled "Apparatus and Method for Transmitting Documents Between a Server Computer and a Client Computer" was duly and legally issued by the United States Patent and Trademark Office. The application for the '233 Patent was filed on February 12, 1999 and originally assigned to Intergraph Corporation. A true and correct copy of the '233 Patent is attached as Exhibit A hereto.

7. Plaintiff is the sole and exclusive owner of all right, title, and interest in the '233 Patent and holds the exclusive right to take all actions, including the filing of this patent infringement lawsuit, necessary to enforce its rights to the '233 Patent. Plaintiff also has the right to recover all damages for past, present, and future infringement of the '233 Patent and to seek injunctive relief as appropriate under the law.

8. Defendant has infringed and continues to directly infringe, either literally or by equivalents, one or more claims of the '233 Patent by making, having made, using, selling, or offering for sale online storage and synchronization products/services that satisfy each and every limitation of one or more claims of the '233 Patent. Such products/services include at least Google Drive.

9. Defendant's manufacture of, sales of and/or offers to sell the accused products is unauthorized, without the permission of Plaintiff, and constitutes infringement under 35 U.S.C. §271 for which it is directly liable.

10. As a result of Defendant's direct infringement, Plaintiff has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff requests a jury on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment that Defendant has directly infringed, either literally or by equivalents, the '233 Patent;

B. Award Plaintiff damages for Defendant's infringement in an amount to be determined at trial, including costs and pre and post-judgment interest; and

C. Award any other relief deemed just and proper.

October 21, 2014                                Respectfully submitted,

        /s/ Paul V. Storm  
        Paul V. Storm  
        Texas State Bar No. 19325350  
        Sarah M. Paxson  
        Texas State Bar No. 24032826  
        GARDERE WYNNE SEWELL LLP  
        1601 Elm Street, Suite 3000  
        Dallas, Texas  75201  
        (214) 999-3000  
        pvstorm@gardere.com  
        spaxson@gardere.com